UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERUSHA REYES, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CONVERGENT OUTSOURCING, INC. and JOHN DOES 1-25,<br><br>Defendants. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JERUSHA REYES (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant CONVERGENT OUTSOURCING, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of herself and a class of similarly situated

1

consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a corporation incorporated in the State of Washington, where it maintains its principal place of business.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All consumers residing in the State of New York from whom Defendant collected

      or attempted to collect a convenience fee or other charge for paying their alleged debt via credit card on the Defendant's website, where such charges were not authorized by the original agreement between the creditor and the consumer in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons from whom the Defendant has collected, or attempted to collect, a convenience fee or other charge in exchange the consumer being allowed to pay their alleged debt via credit card on the Defendant's website, where such charges were not authorized by the original agreement between the creditor and the consumer in violation of 15 U.S.C. §1692 *et seq*. Plaintiff is complaining of a standard charge the Defendant apparently charges all consumers attempting to pay their debts via credit card on the Defendant's website, even though such charges are not authorized by the original agreement between the creditor and the consumer.

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.    Whether Defendant charged a fee, or attempted to charge a fee, to consumers who wished to pay their debt via credit card on the Defendant's website;

3

    b.      Whether such fees were authorized by the original agreement between the consumer and their respective creditor.

    c.      Whether Defendant's behavior violated the FDCPA.

    d.      Whether Plaintiff and the Class have been injured by Defendant's conduct;

    e.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    f.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

4

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to December 19, 2014, an obligation was allegedly incurred by the Plaintiff to Sprint ("Sprint").

16. The Sprint obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Sprint obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Sprint is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the Sprint debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

21. Sprint directly or through an intermediary contracted Defendant to collect the Sprint debt.

22. On or about December 19, 2014, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Sprint debt.

23. The December 19, 2014 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The December 19, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The December 19, 2014 letter provided, in pertinent part, as follows:

    <u>THREE WAYS TO PAY:</u>

    Pay online: Email our office or pay your bill online with your credit/debit card or checking account at <u>www.payconvergent.com</u>.

26. While not conceding the viability of this alleged debt, the Plaintiff wished to avoid negative information being potentially reported to the credit reporting agencies.

27. Plaintiff accordingly followed the instructions in the Defendant's Collection Letter and went to the website specified in the Defendant's Collection Letter in order to pay the alleged debt.

28. After logging into the Plaintiff's account, using the login information provided by Defendant, Plaintiff proceeded to navigate the Defendant's website in order to input his credit card information so that the alleged debt could be paid.

29. While attempting to pay the subject alleged debt, the Plaintiff was confronted with the Defendant's Pay by Credit Card Screen, which advised the Plaintiff that the balance owed

6

was $1,266.51.

30. The Defendant's Pay by Credit Card Screen further included a charge for $8.95, which it specified as a 'Convenience Fee'.

31. The Defendant's Pay by Credit Card Screen further stated that "Convergent Outsourcing, Inc. charges an $8.95 convenience fee for debit/credit card transactions."

32. The notification and collection of the $8.95 transaction fee is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

33. Defendant's transaction fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made electronically, or by collecting an amount that was not authorized by contract or permitted by law.

34. On information and belief, Defendant collected, or attempted to collect, an unauthorized

7

convenience fee from consumers wishing to pay their debt by credit card on the Defendant's website from at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

37. Pursuant to 15 U.S.C. §1692f, a debt collector is prohibited from using unfair or unconscionable means to collect a debt.

38. The Defendant violated said section by collecting or attempting to collect an amount that was not authorized by contract or permitted by law.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from making false representations regarding compensation that may lawfully be received by it.

43. Defendant violated 15 U.S.C. §1692e by making a false representation that it was entitled to receive compensation for payments made via credit card on its website.

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 27, 2015

Respectfully submitted,


By:  /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
Law Office of Alan J. Sasson, P.C.
1669 East 12th Street
Brooklyn, New York 11229
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for the Plaintiff*
*Jerusha Reyes*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 27, 2015


*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.